IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO.   98-20283 D/An |
| | ) | |
| WILLIAM PHILLIPS, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER GRANTING MOTION FOR RECONSIDERATION AND DENYING MOTION FOR SANCTIONS

Before the Court is the United States' Motion for Magistrate Court to Re-Consider and/or in the Alternative Objections to the Magistrate's Report and Recommendation filed on April 8, 2005. The Court held a hearing on this motion on June 1, 2005, and at the hearing, Defendant's counsel made an oral Motion for Sanctions. For the reasons set forth below, the Motion for Reconsideration is **GRANTED** and the Motion for Sanctions is **DENIED**.

On December 16, 2004, Defendant filed a Rule 16 Discovery Request with the Court. In an Order granting this motion, United States District Judge Bernice B. Donald required the United States to produce "any evidence of a 'pattern and practice of Defendant leaving the jurisdiction' with the probation officers consent." *United States v. Phillips*, Order on Motion for Discovery, Civil No. 98-20283 D/An (W.D. Tenn. Jan. 13, 2005). Judge Donald followed that "it is reasonable for the USA to facilitate the discovery request" submitted by the Defendant. *Id.* On or about January 31, 2005, the Government produced various documents to the Defendant; however, the Defendant was not satisfied with the Government's efforts. More specifically,

1

Defendant claimed in a supplemental motion to compel that "[t]o the date of this Motion, none of the requested documents or things . . . have been produced to Defendant." *United States v. Phillips*, Motion to Compel Production of Documents and, Alternatively, Motion for Judgment of Acquittal, Civil No. 98-20283 D/An (W.D. Tenn. Feb. 23, 2005).

The instant Motion for Reconsideration involves the supplemental motion to compel, filed by Defendant on February 23, 2005. Judge Donald referred this Motion to Compel to the Magistrate Judge for a report and recommendation, and after the United States did not respond to the motion to compel, the Magistrate Judge recommended the Motion be granted. The United States then filed the instant Motion for Reconsideration asking that the Court reconsider its ruling granting the February 2005 Motion to Compel. At the hearing on the motion for reconsideration, Defendant's counsel orally requested the Court impose sanctions against the Government after the Government published falsities in its Motion for Reconsideration about the Defendant.

Based on statements made by counsel at the hearing, the Court is convinced that the Government has complied with Judge Donald's January 13, 2005 Order and has provided the Defendant with any evidence that would be exculpatory regarding Defendant's claim that the probation officers either directly or tacitly approved the Defendant's leaving of this district. As such, the Court concludes that the Government should not be required to produce further discovery to the Defendant, and the Court concludes that the Defendant should not be entitled to examine the probation officer's files on the Defendant in an attempt to fish for discoverable information. The Motion for Reconsideration is **GRANTED**, and the Court hereby recommends that Judge Donald **DENY** the Defendant's Motion to Compel.

At the hearing, the Defendant argued that the Government's conduct was outrageous in stating in its Motion for Reconsideration that the Probation Officer handling Defendant's supervised release "filed a petition to violate the defendant's supervised released based on . . . [the Defendant's] commission of another state felony offense (unlawful possession of controlled substance and theft of property over $1,000) . . . ." (Mot. for Magistrate Judge to Re-Consider, at 1-2). Defendant's counsel argues that the Defendant has never been arrested for unlawful possession of a controlled substance, and Defendant's counsel requests that the Court impose sanctions on the Government for including a false accusation in its Motion.

The Government admitted at the hearing that this accusation was an unintentional mistake. The Government further admitted that the Defendant has not been charged with unlawful possession of a controlled substance, and the Government admits that there is no evidence to suggest that the Defendant has or will be charged with unlawful possession of a controlled substance. After due consideration, the Court concludes that sanctions should not be imposed on the Government. As such, Defendant's Motion for Sanctions is **DENIED**. The Court instead orders that any reference to Defendant being charged with unlawful possession of a controlled substance be stricken from the Motion for Reconsideration.

**IT IS SO ORDERED.**

S. THOMAS ANDERSON
UNITED STATES MAGISTRATE JUDGE

Date: June 14, 2005

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 108 in case 2:98-CR-20283 was distributed by fax, mail, or direct printing on June 15, 2005 to the parties listed.

---

Tracy Lynn Berry
U.S. ATTORNEY'S OFFICE
167 N. Main St.
Ste. 800
Memphis, TN 38103

Mike Roberts
LAW OFFICES OF MIKE ROBERTS
707 Adams Ave.
Pillow-McIntyre House
Memphis, TN 38105

Lee S. Saunders
WILDER & SAUNDERS
108 East Court Square
Somerville, TN 38068

Camille Reese McMullen
U.S. ATTORNEY'S OFFICE
167 N. Main St.
Ste. 800
Memphis, TN 38103

Honorable Bernice Donald
US DISTRICT COURT